**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| TIM LUBIN, on behalf of himself and others similarly situated, | : : : | No. |
| Plaintiff, | : : : | |
| v. | : : : | **CLASS ACTION** |
| | : : | **JURY TRIAL DEMAND** |
| FORESEE SESSION REPLAY, INC., a Delaware corporation, and VERINT SYSTEMS, INC., a Delaware corporation, | : : : : | |
| Defendants. | : : : | |

**CLASS ACTION COMPLAINT**

Plaintiff Tim Lubin ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action suit brought against Defendants Verint Systems, Inc. and Foresee Session Replay, Inc. (collectively "Foresee") (collectively, "Defendants") for wiretapping the electronic communications of visitors to CVS.com, CVSSpecialty.com and Caremark.com (the "Websites"), CVS Health Corporation's, (collectively "CVS") websites.

2. The wiretaps, which are embedded in the computer code on the Websites, are used by Defendants to secretly observe and record Websites visitors' keystrokes, mouse clicks, and other electronic communications, including the entry of Protected Health Information ("PHI") and Personally Identifiable Information ("PII"), in real time.

3. By doing so, Defendants have violated Florida's Security of Communications Act ("FSCA"), Fla. Stat. §§ 934.03 and 934.04, and invaded Plaintiff's and Class Members' privacy rights in violation of Florida law.

1

4. In January of 2021, Mr. Lubin visited CVS.com, CVSSpecialty.com and Caremark.com, the Websites. During the visit, Defendants recorded Plaintiff's electronic communications in real time, including Plaintiff's mouse clicks, keystrokes, insurance, medical, and payment card information.

5. Plaintiff brings this action on behalf of himself and a class of all persons whose electronic communications were intercepted through the use of Defendants' wiretap on the Websites.

## THE PARTIES

6. Plaintiff Tim Lubin is a Florida resident who lives in Fort Lauderdale, Florida. In January 2021, prior to the filing of this lawsuit, Mr. Lubin visited CVS.com, CVSSpecialty.com and Caremark.com and registered his prescription mediations. Mr. Lubin was in Pembroke Pines, Florida when he visited the Websites. During the visits, Mr. Lubin's keystrokes, mouse clicks, and other electronic communications—including the entry of his, medical, insurance, and payment card information—were intercepted in real time and were disclosed to Defendants through the wiretap. Mr. Lubin was unaware at the time that his keystrokes, mouse clicks, and other electronic communications were being intercepted in real-time and would be disclosed to Foresee, nor did Mr. Lubin consent to the same.

7. Defendant Foresee Session Replay, Inc. is a Delaware corporation with its principal place of business in Ann Arbor, Michigan.

8. Defendant Verint Systems, Inc. is a Delaware corporation with its principal place of business in Melville, New York.

9. Defendant Foresee Session Replay, Inc. is a subsidiary of Defendant Verint Systems, Inc.

10. Foresee provides businesses software-as-a-service ("SaaS"), including marketing software. At issue here, Foresee provides a marketing software feature called "Foresee Replay," which is described more fully below. At all relevant times here, CVS.com CVSSpecialty.com and Caremark.com used Foresee's "Foresee Replay" feature on the Websites.

2

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is a citizen of a state different from at least one Defendant.

12. This Court has personal jurisdiction over Defendants because each of the Defendants have purposefully availed themselves of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of each of the Defendants' forum-related activities. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

13. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

## STATEMENT OF FACTS

### Overview Of The Wiretaps

14. Foresee develops, owns, and markets a software of the same name that provides marketing analytics.

15. One of Foresee's features is called "Foresee Replay," which purports to help businesses improve their website design and customer experience.

16. Foresee Replay provides a real-time recording of a user's interactions on a website. Foresee says that Foresee Replay "is a video recording of a survey respondent's visit to your web site."[1]

17. Foresee operates on both desktop and mobile devices.

---

[1] About Foresee Replay, available at:
https://cxsuite.foresee.com/help/Content/Replay/aboutReplay.htm (last visited Jan. 18, 2021).

18. Foresee Replay is accomplished by JavaScript, client-side recording. It captures the consumer-rendered HTML and active states of the page, and all mouse interactions on the page. It then stitches all of these pages together into a combined recording of the customer's experience on a website. These include cart and checkout experiences.

19. Through Foresee Replay, Foresee records a website user's interactions and transmits that information to Foresee's recording servers. Foresee then makes the information available to its clients.

20. Technology like Foresee's is not only highly intrusive, but dangerous. A 2017 study by Princeton University found that session recording technologies like Foresee Replay were collecting sensitive user information such as passwords and credit card numbers. The research notes that this wasn't simply the result of a bug, but rather insecure practices. Thus, technologies such as Foresee's can leave users vulnerable to data leaks and the harm resulting therefrom.

21. Foresee's business model involves entering into voluntary partnerships with various companies and providing their software to their partners.

22. One of Foresee's partners is CVS.

23. CVS utilizes Foresee's software on the Websites.

24. CVS knows that Foresee's software captures the keystrokes, mouse clicks and other communications of visitors to its Websites, and pays Foresee to supply that information.

25. Pursuant to an agreement with Foresee, CVS enabled Foresee's software by voluntarily embedding Foresee's software code on the Websites.

26. As currently deployed, Foresee's software, as employed by CVS, functions as a wiretap.

**Defendants Wiretapped Plaintiff's Electronic Communications**

27. In January 2021, Mr. Lubin visited CVS.com, CVSSpecialty.com and Caremark.com and made a purchase of prescription medication.

28. During these visits, and upon information and belief, the Foresee Replay feature in Foresee's software captures each of Plaintiff's keystrokes and mouse clicks on the Websites. The Foresee wiretap also captured the date and time of the visits, the duration of the visits, Plaintiff's IP address, his location at the time of the visits, his browser type, and the operating system on his device.

29. Foresee's recording of keystrokes, mouse clicks, data entry, and other electronic communications begins the moment a user accesses or interacts with the Websites.

30. When users access the Websites and make a purchase, they enter their PHI and PII.

31. Foresee's software captures these electronic communications throughout each step of the process.

32. Foresee's software captures, among other things:

    (a) The user's mouse clicks;

    (b) The user's keystrokes;

    (c) The user's email address;

    (d) The user's shipping address;

    (e) The user's payment card information, including card number, expiration date, and CVV code;

    (f) The user's prescription medication type, dosage, history of prescriptions and other PHI;

    (g) The user's IP address;

    (h) The user's their location at the time of the visit; and

    (i) The user's browser type and the operating system on their devices.

33. Crucially, CVS does not ask users, including Plaintiff, whether they consent to being wiretapped by Foresee. Users are never actively told that their electronic communications are being wiretapped by Foresee.

34. Further, CVS's Privacy Policy is located at the very bottom of the Website's home page with no notice directing users to the Privacy Policy, i.e. the hyperlink to the Privacy Policy functions as browserwrap. Additionally, the Defendants began recording users before any purported disclosure was made *after* the wiretap had already begun.

35. Moreover, users are not on notice of the hyperlink to the Privacy Policy when they click the "Place Order" button.

36. Therefore, users like Plaintiff never agree or are never given the option to agree to the Privacy Policy when using the Websites, nor are they on notice of the Privacy Policy.

37. Even if users do agree to the Privacy Policy by using the Websites or otherwise—and they do not for the reasons stated above—CVS does not mention any aspect of Foresee or its Foresee Replay (such as that users will have their mouse clicks and keystrokes recorded in real time) in the Websites' Privacy Policy. As such, users do not agree to be wiretapped even if they agree to the Privacy Policy.

38. Neither Plaintiff nor any Class member consented to being wiretapped on the Websites, or to have their communications recorded and shared with Foresee. Any purported consent that was obtained was ineffective because (i) the wiretapping began from the moment Plaintiff and Class members accessed the Websites; (ii) the Privacy Policy did not disclose the wiretapping or Foresee; and (iii) the hyperlink to the Privacy Policy is inconspicuous and therefore insufficient to provide notice.

## CLASS ACTION ALLEGATIONS

39. Plaintiff seeks to represent a class of all Florida residents who visited the Websites, and whose electronic communications were intercepted or recorded by Foresee. Plaintiff reserves the right to modify the class definition as appropriate based on further investigation and discovery obtained in the case.

40. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but

may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

41. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants have violated the Florida Security of Communications Act ("FSCA"), Fla. Stat. §§ 934.03 and 934.04 and invaded Plaintiff's privacy rights in violation of Florida law; and whether class members are entitled to actual and/or statutory damages for the aforementioned violations.

42. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, visited the Websites and had his electronic communications intercepted and disclosed to Foresee through the use of Foresee's wiretaps.

43. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

44. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

45. Plaintiff brings all claims in this action individually and on behalf of members of the Class against Defendants.

## COUNT I

### Violation of The Florida Security of Communications Act

### Fla. Sta. § 934.03

46. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

47. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

48. To establish liability under section 934.03, a plaintiff need only establish that a defendant:

> (a) Intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication;
>
> (b) Intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when:
>
>> 1. Such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or
>>
>> 2. Such device transmits communications by radio or interferes with the transmission of such communication;
>
> (c) Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;
>
> (d) Intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or
>
> (e) Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication intercepted by means authorized by subparagraph (2)(a)2., paragraph (2)(b), paragraph (2)(c), s. 934.07, or s. 934.09 when that person knows or has reason to know that the information was obtained through the interception of such a communication in connection

with a criminal investigation, has obtained or received the information in connection with a criminal investigation, and intends to improperly obstruct, impede, or interfere with a duly authorized criminal investigation.

49. Pursuant to Fla. Stat. 934.02, "'Electronic communication' means any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects intrastate, interstate, or foreign commerce …," such as through the internet.

50. At all relevant times, Foresee's software, including the Foresee Replay feature, was intentionally used by Defendants to intercept, endeavor to intercept, use, endeavor to use, disclose, and/or endeavor to disclose Plaintiff's and Class Members' electronic communications.

51. At all relevant times, by using Foresee's technology, Defendants willfully and without the consent of all parties to the communication, in an unauthorized manner, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and putative Class Members, while the electronic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within Florida.

52. Defendants aided, agreed with, and conspired with each other to implement Foresee's technology and to accomplish the wrongful conduct at issue here.

53. Plaintiff and Class Members did not consent to any of Defendants' actions in implementing Foresee's wiretaps on the Websites. Nor have Plaintiff or Class Members consented to Defendants' intentional access, interception, reading, learning, recording, and collection of Plaintiff and Class Members' electronic communications.

54. The violation of section 934.03 constitutes an invasion of privacy sufficient to confer Article III standing.

55. Unless enjoined, Defendants will continue to commit the illegal acts alleged here. Plaintiff continues to be at risk because he uses the internet for obtaining prescription medications, and continues to desire to use the internet for that purpose. Defendant Foresee provides its software, including the Foresee Replay, to many other website operators who offer a wide array of services. For many websites that Plaintiff may or is likely to visit in the future, he

has no practical way to know if his website communications will be monitored or recorded by Foresee.

56. Plaintiff and Class Members seek all relief available under Fla. Stat. § 934.10, including declaratory and injunctive relief, statutory damages at the rate of $100 a day for each day of violation or $1,000, whichever is higher, punitive damages, attorneys' fees, and costs.

## COUNT II

### Violation of The Florida Security of Communications Act

### Fla. Sta. § 934.04

57. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

58. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

59. Section 934.04 provides a private right of action against "Any person who intentionally:

> (a) Sends through the mail or otherwise sends or carries any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the illegal interception of wire, oral, or electronic communications as specifically defined by this chapter; or
>
> (b) Manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the illegal interception of wire, oral, or electronic communications as specifically defined by this chapter …."

60. At all relevant times, by implementing Foresee's wiretaps, Defendants intentionally manufactured, assembled, possessed, and/or sold a wiretap device that is primarily or exclusively designed or intended for eavesdropping upon the communications of another.

61. Foresee's code is a "device" that is "primarily useful" for eavesdropping. That is, the Foresee's code is designed to gather PII, including keystrokes, mouse clicks, and other electronic communications.

62. Plaintiff and Class Members did not consent to any of Defendants' actions in implementing Foresee's wiretaps.

63. Plaintiff and Class Members seek all relief available under Fla. Stat. § 934.10, including declaratory and injunctive relief, statutory damages at the rate of $100 a day for each day of violation or $1,000, whichever is higher, punitive damages, attorneys' fees, and costs.

## COUNT III

### Invasion Of Privacy Under Florida Law

64. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

65. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

66. Plaintiff and Class Members have an interest in: (1) precluding the dissemination and/or misuse of their sensitive, confidential PII; and (2) making personal decisions and/or conducting personal activities without observation, intrusion or interference, including, but not limited to, the right to visit and interact with various internet sites without being subjected to wiretaps without Plaintiff's and Class Members' knowledge or consent.

67. At all relevant times, by implementing Foresee's wiretaps on CVS's Websites, each Defendant intentionally invaded Plaintiff's and Class Members' privacy rights under Florida law.

68. Plaintiff and Class Members had a reasonable expectation that their PII and other data, including prescription medications would remain confidential and that Defendants would not install wiretaps on the Websites.

69. Plaintiff and Class Members did not consent to any of Defendants' actions in implementing Foresee's wiretaps on the Websites.

70. This invasion of privacy is serious in nature, scope and impact.

71. This invasion of privacy alleged here constitutes an egregious breach of the social norms underlying the privacy right.

72. Plaintiff and Class Members seek all relief available for invasion of privacy claims under Florida law.

## PRAYER FOR RELIEF

73. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Class under Rule 23 and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that the Defendants' conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial on all claims so triable.

Respectfully Submitted,

**Tim Lubin**, individually and on behalf of those similarly situated individuals

Dated: February 9, 2021

*/s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)

kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative Class*